659 P.2d 91

**Paul Erbin JONES, Claimant-Appellant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant-Respondent.**

No. 13949.

Supreme Court of Idaho.

Jan. 6, 1983.

Rehearing Denied March 15, 1983.

Allen R. Derr of Derr & Schindele, Boise, for claimant-appellant.

Max M. Sheils of Ellis, Brown, Sheils & Steele, Boise, for defendant-respondent.

Before DONALDSON, C.J., BAKES and HUNTLEY, JJ., and McFADDEN and SCOGGIN, JJ., Pro Tem.

PER CURIAM:

Appellant was injured in a work-related truck accident in 1977. This accident aggravated an arthritic condition which presumably was a condition pre-existing the accident, but which was latent and asymptomatic. As a result of the combined effect of injuries suffered in the accident, and the

aggravation of his arthritic condition, claimant is totally disabled.

An Industrial Commission referee found that, since appellant's pre-existing condition was latent and asymptomatic, and thus not a hindrance to employment or re-employment under I.C. § 72–332(2), the Industrial Special Indemnity Fund (ISIF) was not liable for any disability resulting from the pre-existing condition.

The facts in this case are strikingly similar to those in our recently released decision in *Royce v. Southwest Pipe of Idaho,* 103 Idaho 290, 647 P.2d 746 (1982), as both cases involve a pre-existing condition which is latent and asymptomatic. In *Royce* we said:

"However, to constitute a 'hindrance to employment' the condition must be manifest. 'Manifest' means that either the employer or employee is aware of the condition so that the condition can be established as existing prior to the injury. . . .

. . . .

"The Commission applied the subjective test, which was rejected in *Gugelman* [*v. Pressure Treated Timber Co.,* 102 Idaho 356, 630 P.2d 148 (1981)] and *Curtis* [*v. Shoshone County Sheriff's Office,* 102 Idaho 300, 629 P.2d 696 (1981)], in its determination that Royce did not have a pre-existing physical impairment. However, under our holding, the Commission did not err since claimant's condition had not manifested itself prior to the January 20, 1972, accident, it was not a preexisting physical impairment within the meaning of I.C. § 72–332(2)."

*Royce* is controlling under the facts of the present case. Accordingly, we affirm the decision of the Industrial Commission relieving the ISIF of liability.

Affirmed.